STATE OF INDIANA

COUNTY OF ALLEN

IN THE ALLEN SUPERIOR COURT

USDC IN/ND case 1:20-cv-00232-HAB-SLC document 1 - filed 06/23/20 page 1 of 6

715 South Calhoun Street, Room 201
Fort Wayne, IN  46802
Telephone: (260) 449-3491

____AMY SCHINDLER_____
Plaintiff

VS

____PARKVIEW HOSPITAL, INC.____
Defendant

Case Number: _____

# SUMMONS

TO:     David Storey, Registered Agent
        Parkview Hospital, Inc.
        10501 Corporate Drive
        Fort Wayne, IN 46845

You have been sued by the person(s) named above.   The claim made against you is attached to this summons; please examine all pages carefully.   The "X" marked below indicates the time limit you have to **FILE YOUR ANSWER**.

__XX____   Certified Mail          You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

_____   Personal Service     You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

Your answer is considered filed the day it is received in the office of the **Clerk of the Allen Superior Court, Room 201, Allen County Courthouse, Fort Wayne, Indiana, 46802**.   The method you choose to deliver your answer to the Clerk's Office is up to you; however, you should be able to prove you filed the answer.   If you wish to file a claim against another party associated with this case, you must state it in your written answer.

If you are required to appear, the date, time and location will be shown on an attached Notice of Hearing form.   **IF YOU FAIL TO APPEAR, A JUDGMENT MAY BE ENTERED AGAINST YOU.**

Dated:____5/27/2020_____

*Christopher M. Nancarrow*  BB
**CHRISTOPHER M. NANCARROW**
CLERK OF THE ALLEN CIRCUIT AND SUPERIOR COURTS

Christopher C. Myers (PLAINTIFF)
Attorney / Party Preparing Summons (Party Represented)

(Seal)

809 South Calhoun Street, Suite 400
Street Address

Fort Wayne, IN 46802
City, State, Zip Code

(260) 424-0600          10043-02
Telephone Number       Attorney Number

ALLEN COUNTY CLERK

**SEAL**

INDIANA

**MANNER OF SERVICE**
(To be completed by Party Preparing Summons)

**SHERIFF** shall serve this Summons as follows:
_____   personal service
_____   leaving a copy at dwelling or place of employment

**CLERK** shall serve this Summons as follows:
_____   regular mail
_____   certified mail
_____   publication

**OTHER** manner of service:
__X__   attorney to serve
_____   private process server, _____
_____   other (describe in particular and note Trial Rule)
_____

**CERTIFIED MAIL**

I hereby certify, as indicated in the date issued field, that a copy of this document was sent to the named person(s) at the address(es) furnished, by registered/certified mail at Fort Wayne, Indiana, return receipt requested.

I hereby certify that service by registered/certified mail at Fort Wayne, Indiana, was attempted as required by law to the person and address stated on the return receipt attached; and that service ☐ was ☐ was not made, according to the information contained therein.

Date Issued: _____

Date Issued: _____

_____
Clerk of the Allen Circuit and Superior Courts

_____
Clerk of the Allen Circuit and Superior Courts

**ADMISSION OF SERVICE**

I received a copy of this Summons on this date _____ and at this location: _____

_____
Signature of Party

_____
Relationship (if not within named person)

**RETURN OF SERVICE BY SHERIFF OR OTHER OFFICER**
Enter the alphabetical letter in the space provided to indicate the type of service.

**I served a copy of this Summons as specified:**        (_____)

READING / delivering a copy (A) to the within named party;

LEAVING A COPY for the within named party
    (B) with the spouse, named:
    (C) with a relative, named:
    (D) at the residence, located at:
    (E) with the employer, named: _____

(E) with a secretary, named:
(F) with the attorney, named:
(H) with this person (other-specify):

Specify name of person, work supervisor, place of business, or location where copy was left.

_____

**and (if applicable) by sending a copy of this document by first-class mail to the last known address of the within named person as indicated:**

_____
Last known address of person named in the document (or Change of Address)

**I did not serve a copy of this Summons because: (_____)**

(I)   The party was NOT FOUND / NO SUCH ADDRESS.
(J)   the document EXPIRED.
(K)   the party AVOIDED service.
(L)   the party REFUSED service.
(M)  the party was NO LONGER EMPLOYED at the address.
(N)   the document was RETURNED by the authority of the Plaintiff.
(O)   the party is DECEASED.
(P)   the party was UNKNOWN AT THAT ADDRESS.
(Q)   the party was on SICK LEAVE / LAY OFF.

(R)   the party was on VACATION.
(S)   the party was NOT FOUND / VACANT.
(T)   the party was NOT FOUND / MOVED.
(U)   the party was NOT FOUND IN THIS BAILIWICK.
(V)   INSUFFICIENT ADDRESS OR INFORMATION WAS GIVEN.
(W)  they are NO LONGER IN BUSINESS.
(X)   several attempts were made / UNABLE TO SERVE.
(Y)   of the following reason (OTHER-specify):

_____

**I AFFIRM, UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE.**

_____    _____
Date Served / Attempted        Time Served / Attempted        Signature of Sheriff of Allen County, Indiana (or other officer)

By: _____
_____        _____
(Printed Name of Process Server)        Signature of Process Server

STATE OF INDIANA          )
                          )   SS:
COUNTY OF ALLEN           )

IN THE ALLEN SUPERIOR COURT

CAUSE NO._____

AMY SCHINDLER,               )
                             )
        Plaintiff,           )
                             )
    v.                       )
                             )
PARKVIEW HOSPITAL, INC.,     )
                             )
        Defendant.           )

## COMPLAINT

Plaintiff alleges against Defendant that:

1. Plaintiff is Amy Schindler, a qualified employee of Defendant at all times material to this Complaint. Plaintiff contends that she suffered discrimination and retaliation, including retaliatory discharge, in violation of her rights under the Family Medical Leave Act of 1993, 29 C.F.R. § 825 *et seq.* ("FMLA").

2. Defendant is Parkview Hospital, Inc., a company whose principal office address is 2200 Randalia Drive, Fort Wayne, Indiana 46805, and whose registered agent is David Storey, 10501 Corporate Drive, Fort Wayne, Indiana 46845. Defendant is an "employer" for the purposes of the FMLA.

3. Plaintiff worked for Defendant for nearly thirty-nine (39) years prior to her termination that occurred on or about November 4, 2019. At the time of separation from employment Plaintiff's job title was "Patient Care Technician." Plaintiff, along with one other employee, was responsible for, among other things, completing birth certificates for babies born at the hospital.

–1–

4. In November 2018 Plaintiff was suspended for three days for allegedly making errors on birth certificates and/or paternity affidavits.   At the time, Plaintiff appealed her suspension and provided evidence that her error rate was no higher than other employees working for Defendant at Defendant's other locations, but the suspension was upheld.

5. In approximately July 2019 Plaintiff learned that the other employee who performed the same duties as Plaintiff was separated from employment with the Defendant.   This left Plaintiff solely responsible for the workload while Defendant searched for an employee to fill the vacancy.

6. On or about August 29, 2019 Plaintiff was approached by management and notified that between August 6 and August 19, 2019, Plaintiff had allegedly given the wrong souvenir footprint card to a patient and been accused of rolling her eyes at a patient.   Plaintiff was also told she had not submitted paternity affidavits to the Department of Health quickly enough (no policy existed regarding the timeliness of submissions) in July and August. Plaintiff denied having any recollection of giving the wrong souvenir card to a patient, and denied rolling her eyes at a patient. Further, Plaintiff had been on vacation during the timeframe the affidavits were allegedly "late."

7. It was at this time that Defendant altered its policy to include the requirement of weekly submission of paternity affidavits, and notified Plaintiff of the change.   Plaintiff was not issued discipline of any kind during this meeting.

8. It was also at the August 29, 2019 meeting with management that Plaintiff was notified that Defendant had filled the open Patient Tech position, and the new employee was expected to begin working on November 7, 2019.   Defendant then expressed to Plaintiff

–2–

that Plaintiff would be responsible for training the new employee.

9. One week later, on September 6, 2019, Plaintiff requested time off work pursuant to the FMLA to tend to her own serious medical condition.  Her request was approved, and Plaintiff subsequently took approximately eight (8) weeks off work.

10. On November 4, 2019, the day Plaintiff returned to work from her FMLA leave, she was terminated less than one hour into her shift.  The proffered reasons for her termination were the issues discussed during the meeting on August 29, 2019, and the 2018 suspension that had occurred nearly one year prior.

11. Plaintiff contends that the proffered reasons for her termination are false and pretextual, and in reality, she was discriminated against and retaliated against for utilizing time off work pursuant to the FMLA in violation of her federally protected rights.

12. As a direct and proximate cause of Defendant's discriminatory and retaliatory actions Plaintiff suffered the loss of her job and job-related benefits, such as income, and subjected the Plaintiff to inconvenience, emotional distress, and other damages and injuries. Plaintiff seeks compensatory damages.

13. Furthermore, the Defendant's discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under the FMLA warranting an imposition of liquidated damages

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, liquidated damages, reasonable attorney fees and costs, and all other just and proper relief in the premises.

–3–

## **JURY DEMAND**

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:     (260) 424-0600
Facsimile:     (260) 424-0712
E-mail:        jhitchcock@myers-law.com
Counsel for Plaintiff